UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver of Tennessee Commerce Bank,<br><br>    Plaintiff<br><br>v.<br><br>DAVID S. MYERS,<br><br>    Defendant | No. 3:12-1241<br>Judge Sharp/Bryant<br>**Jury Demand** |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Compel Production of Documents (Docket Entry No. 18). Plaintiff Federal Deposit Insurance Corporation ("FDIC") has filed a response in opposition (Docket Entry No. 20), and Plaintiff has filed a reply (Docket Entry No. 21).

For the reasons stated below, the undersigned Magistrate Judge finds that Defendant's Motion to Compel Production of Documents should be **GRANTED**.

### STATEMENT OF THE CASE

Plaintiff FDIC, acting as receiver of Tennessee Commerce Bank ("TCB") has filed this action against Defendant David S. Myers alleging breach of a promissory note in the principal amount of $5,875,000 signed by Myers as maker in favor of Citizens Corporation on November 30, 2009. According to the complaint, Citizens Corporation sold to TCB a participation in the Myers promissory note in principal amount of $5,300,000, also on November 30, 2009. Plaintiff FDIC, as receiver for TCB, seeks recovery

against Myers for the principal amount of this note plus accrued and unpaid interest, late charges, attorneys' fees and costs (Docket Entry No. 16). Defendant has filed an answer denying liability (Docket Entry No. 19).

## ANALYSIS

Myers has served upon the FDIC 42 requests for production of documents (Docket Entry No. 18-1). While not waiving his right to seek additional documents, Myers limits his current motion to compel to six of his requests for production, Nos. 30, 31, 32, 33, 34, and 35. In summary, these requests for production seek documents relating to nine specific loans listed in the table in Request No. 30 and identified as "Other Shareholder Loans". Among these nine loans are four loans which have the same origination date, November 30, 2009, as the Myers promissory note. These loans, according to Myers, were executed as part of a larger transaction that included the Myers note that is the subject of this action.

Request Nos. 34 and 35 seek documents related to a later transaction, referred to as the "DPC transaction," which apparently was proposed but never consummated.

The FDIC has objected to requests for production No. 30, 31, 32, 33, 34, and 35 on largely identical grounds and has lodged certain additional objections to requests 34 and 35 (Docket Entry No. 18-1 at 31-37).

Rule 26(b)(1) of the Federal Rules of Civil Procedure

states the general rule that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. The rule further states that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

According to Myers, the borrowers listed in the table of Other Shareholder Loans in Request No. 30 were all participants in the same transaction that included the Myers promissory note in suit. In addition, Request Nos. 34 and 35 seek documents related to a proposed transaction in the summer of 2011 that, according to Myers, would have reduced or satisfied his obligation under the subject promissory note. This transaction is referred to in the motion papers as the "DPC transaction." Apparently, this transaction was not consummated as initially proposed.

FDIC objects to responding to these requests first on the grounds of relevancy. Apparently, there is no dispute that the Other Shareholder Loans dated November 30, 2009, were all executed simultaneously along with the Myers promissory note as part of a larger transaction. Without deciding whether the responsive documents ultimately will be admissible at trial, the undersigned Magistrate Judge finds, at a minimum, that these documents are reasonably calculated to lead to the discovery of admissible evidence, since they admittedly relate to the same transaction that produced the Myers note.

The FDIC objects on grounds that the requests are "unduly burdensome, overly broad, vague and unlimited as to scope and time." Despite this conclusory assertion, the FDIC has offered no evidence to support a claim of undue burden or overbreadth. The undersigned finds that the description of the documents sought is limited to two specific transactions that occurred, or were to occur, on dates certain as well as nine specific loans identified by borrower, loan number, origination date and original principal amount. Accordingly, the undersigned Magistrate Judge finds that objections based on burden, overbreadth and vagueness lack merit.

Next, FDIC objects to these requests on grounds that they seek personal financial information of a nonparty and that Myers has failed to make a sufficient showing that he has complied with all applicable privacy laws so as to be allowed to obtain such private financial information. The undersigned notes that the Court has previously entered a protective order in this action designed to limit access to and uses of confidential financial information that may be produced during discovery (Docket Entry No. 10). Moreover, Myers asserts that the FDIC has instituted legal proceedings against the other related borrowers on their respective promissory notes either in district court or in bankruptcy court, and many of the documents requested have already been produced and filed in the records of those cases. Finally, Defendant Myers has filed as an exhibit to his reply written waivers of privacy rights

4

signed by Marion E. Lowery, Elizabeth L. Saffle, and Kristofer Ryan Saffle, three of the individuals who participated in the subject transactions (Docket Entry Nos. 21-1, -2 and -3).

Following a review of this record and the authorities cited in the motion papers of the parties, the undersigned Magistrate Judge finds that none of the privacy laws cited by the FDIC in its objections or its opposing memorandum prohibit the production of the responsive documents in this case subject to the protective order that has been entered. Therefore, the undersigned Magistrate Judge finds that FDIC's objections based on privacy of nonparties is unpersuasive.

Finally, FDIC objects to the requested production based on the estoppel doctrine articulated in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1942) and 12 U.S.C. § 1823(e). As a general statement, *D'Oench, Duhme* establishes a federal common-law doctrine that protects the FDIC from the enforcement of secret agreements that would diminish the FDIC's interest in an asset acquired from a failed bank. *FDIC v. McFarland,* 33 F.3d 532, 536 (5th Cir. 1994). *D'Oench, Duhme* established the rule that when the maker of a promissory note lends himself to an undocumented scheme or arrangement by which banking examiners may be misled regarding the creditworthiness of the bank, such scheme or arrangement cannot be raised as a defense against the FDIC. *Tuxedo Beach Club Corp. v. Wideman,* 749 F. Supp. 635, 641 (D.N.J. 1990).

5

Title 12, § 1823(e) of the United States Code provides as follows:

> (e) Agreements against interests of Corporation
>
> (1) In general
>
> No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement-
>
> > (A) is in writing,
> >
> > (b) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
> >
> > (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
> >
> > (D) as been, continuously, from the time of its execution, an official record of the depository institution.

FDIC argues that the *D'Oench, Duhme* doctrine and 12 U.S.C. § 1823(e) bar any defense by Myers based upon side agreements that do not appear in the TCB bank records.

While it may be that some or all of the documents responsive to the subject requests for production will ultimately be ruled inadmissible at trial, the undersigned Magistrate Judge

6

finds that Defendant Myers should be granted the opportunity to conduct discovery to determine what agreements were and were not in the bank's records.

Accordingly, for the reasons stated above, the undersigned Magistrate Judge finds that the documents sought by Requests No. 30, 31, 32, 33, 34 and 35 are, at a minimum, reasonably calculated to lead to the discovery of admissible evidence, and that FDIC's asserted objections lack merit.

Therefore, the undersigned **GRANTS** Defendant Myers's motion to compel and **ORDERS** that FDIC produce documents responsive to these six requests no later than **October 27, 2014**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge