UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
FEDERAL DEPOSIT INSURANCE      )
CORPORATION, as receiver of    )
Tennessee Commerce Bank,       )
                               )
        Plaintiff              )   No. 3:12-1241
                               )   Judge Sharp/Bryant
v.                             )   **Jury Demand**
                               )
DAVID S. MYERS,                )
                               )
        Defendant              )
```

## MEMORANDUM AND ORDER

Plaintiff Federal Deposit Insurance Company ("FDIC") has filed its motion to strike certain affirmative or special defenses and to dismiss counterclaims of the Defendant (Docket Entry No. 23). Defendant Myers has filed a response in opposition (Docket Entry No. 25).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** the FDIC's motion in part and **DENIES** it in part.

## STATEMENT OF THE CASE

Plaintiff FDIC, as receiver of Tennessee Commerce Bank ("TCB"), has filed this action alleging breach of a promissory note ("the Myers note") in the principal amount of $5,875,000 signed by Defendant Myers as maker in favor of Citizens Corporation on November 30, 2009. Plaintiff alleges that the Myers note was thereafter transferred to TCB. FDIC, as receiver for TCB, seeks recovery against Myers for the principal amount of the Myers note plus interest, late charges, attorneys' fees and costs (Docket

Entry No. 16). Myers has filed an answer denying liability and asserting defenses (Docket Entry No. 19).

## ANALYSIS

FDIC has filed its motion to strike affirmative defenses in paragraphs 27, 38, 40 and 41 of Defendant's amended answer and to dismiss any counterclaim pursuant to 12 U.S.C. § 1821(d) for lack of subject-matter jurisdiction in this court (Docket Entry No. 23). Specifically, FDIC argues that the alleged conduct of FDIC asserted as the factual bases of the affirmative defenses in paragraphs 27, 38, 40 and 41 of Defendant's amended answer is insufficient as a matter of law because the FDIC acting in its regulatory capacity ("FDIC-C") is a separate and distinct legal entity from the FDIC acting as receiver for a failed bank ("FDIC-R"). Accordingly, any act of FDIC-C before TCB failed and was placed in receivership as a matter of law cannot be attributed to FDIC-R.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may strike from a pleading an insufficient defense. However, recognizing the practical difficulty of deciding cases without a developed factual record, courts have established the general rule that striking a pleading should be sparingly used. *Brown & Williamson Tobacco Corp. v. United States*, 301 F.2d 819, 822 (6th Cir. 1953). Courts have found that striking a pleading is a drastic remedy to be resorted to only when required for the

purposes of justice, and that the motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. *Id*.

The Court has recently granted Defendant Myers's motion to compel production of certain documents (Docket Entry No. 32), and additional discovery may follow. The undersigned finds that FDIC's motion to strike Defendant's affirmative defenses should be denied, without prejudice to FDIC's right to file dispositive motions regarding these defenses later upon a more developed factual record.

FDIC also seeks dismissal of Defendant's counterclaim. FDIC argues that Myers has failed to exhaust the mandatory administrative claims procedure contained in 12 U.S.C. § 1821(d)(3)-(13), and, therefore, that this Court lacks jurisdiction to adjudicate any counterclaim by Myers against FDIC.

Although the word "counterclaim" is included in the title of Defendant's amended answer (Docket Entry No. 19), it does not appear that Myers actually asserts any affirmative claim against FDIC. At least to the undersigned's reading, it appears that the only relief sought by Myers that could remotely be considered a claim against the FDIC is the request appearing in paragraph 43 of the amended answer in which Myers argues that the Myers note should be "reformed" to state that it is a nonrecourse obligation that imposes no personal liability upon Myers. However, if this

assertion were ultimately sustained, it would not result in any relief against the FDIC other than dismissal of the FDIC's claims against Myers under the Myers note.

The administrative claims procedure provided n 12 U.S.C. § 1821(d)(3), *et seq.*, appears to contemplate monetary claims of creditors against the failed bank in receivership. Since no such monetary claims are made by Myers here, it does not appear that these statutory provisions apply. Nevertheless, to the extent that Myers seeks to assert monetary claims against the FDIC, the undersigned finds that his failure to exhaust those claims administratively deprives this Court of jurisdiction.

For the reasons stated above, the undersigned Magistrate Judge finds that the FDIC's motion to strike Defendant's affirmative defenses should be **DENIED** and that, to the extent that Myers seeks to assert a counterclaim for any monetary damages against FDIC, the motion to dismiss such counterclaims should be **GRANTED**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge